CLD-113                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3008
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:15-cr-00168-001)
District Judge:  Honorable Mark R. Hornak

_____

Submitted on Appellee's Motion
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,
and for Possible Dismissal as Moot

March 27, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 28, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick H. Banks was convicted of wire fraud and aggravated identity theft.[1] After our remand on direct appeal, the District Court entered an amended judgment.[2] Separately, Banks was sentenced to several concurrent prison terms—all to be followed by six months of supervised release—based on violations of his prior supervised release term. We affirmed the sentences across the board. See United States v. Banks, C.A. Nos. 23-1832, 23-2130 & 23-3155, 2024 WL 4380136, at *4 (3d Cir. Oct. 3, 2024).

Following his release from prison, Banks asked the District Court for permission to move to Poland, where a job at a music venue allegedly awaited. The District Court denied the motion without prejudice, as it lacked detail. Banks's renewed motion was construed by the District Court as seeking early termination of the then-active six-month term of supervised release, under 18 U.S.C. § 3583(e)(1). The District Court observed that Banks's "term of supervised release is set to expire on February 7, 2025," DC ECF No. 1765, and denied his motion because he had not served twelve months of supervised release under the subject term—a requirement for relief under § 3583(e)(1). Banks sought reconsideration, which was denied. In the interim, he filed a notice of appeal.

The Government has moved for summary dismissal of the appeal as untimely or, in the alternative, summary affirmance. In response to the Court's directive that the

[1] Banks committed those offenses while on supervised release for prior convictions. See generally United States v. Vampire Nation, 451 F.3d 189 (3d Cir. 2006).

[2] The District Court stated in the amended judgment its intention that Banks "receive full credit for time served as to the original sentence, [and] that he serve no further additional time in BOP custody as to this specific judgment[.]" DC ECF No. 1612 at 2.

parties address the issue of mootness, the Government now argues that the appeal may also be dismissed as moot. Banks has not responded to the Government's summary action motion, or the directive on mootness.

"Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte." Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa., 863 F.3d 245, 252 (3d Cir. 2017). With this appeal, Banks invited us to determine whether the District Court was correct to deny his motion for early termination of his six-month term of supervised release. If Banks were still serving that term, "no mootness concerns would exist." United States v. Huff, 703 F.3d 609, 611 (3d Cir. 2013). But the term expired during the pendency of this appeal—as confirmed by the Government, see Doc. 7 at 2—so there is no effective relief that we could provide to Banks. Accordingly, this appeal is moot, see Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and must, as a result, be dismissed for lack of jurisdiction. The Government's motion for summary action is also dismissed as moot.